THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Southern Bank, Appellant,
 
 
 

v.

 
 
 
 Leeroy Bruce
 Jr., Franklin Harold Mishoe, and SRP Federal Credit Union, Respondents.
 
 
 

Appeal From Edgefield County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2012-UP-304
Submitted May 1, 2012 – Filed May 16, 2012    

AFFIRMED

 
 
 
 Michael S. Medlock, of Edgefield, for
 Appellant.
 James S. Murray, of Augusta, and Franklin
 H. Mishoe, pro se, of North Augusta, for Respondents.
 
 
 

PER CURIAM: Southern Bank (Bank) appeals the trial
 court's grant of summary judgment in favor of SRP Federal Credit Union (Union),
 arguing  the trial court erred in finding
 that Bank's security interest became subordinate to Union's security interest
 in a 1964 Chevrolet Malibu pursuant to section 36-9-337 of the South Carolina
 Code (2003).  We affirm.[1]
"An appellate court
 reviews the grant of summary judgment under the same standard applied by the
 [trial] court."  Harbit v. City of Charleston, 382 S.C. 383, 389,
 675 S.E.2d 776, 779 (Ct. App. 2009).  The trial court should grant summary
 judgment "if the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show that there is no
 genuine issue as to any material fact and that the moving party is entitled to
 a judgment as a matter of law."  Rule 56(c), SCRCP.  "In determining
 whether any triable issues of fact exist, the evidence and all reasonable
 inferences must be viewed in the light most favorable to the non-moving
 party."  Harbit, 382 S.C. at 389-90, 675 S.E.2d at 779.  
Section 36-9-337 of the South
 Carolina Code (2003) provides:

 If, while a security interest in goods is perfected by any method
 under the law of another jurisdiction, this [s]tate issues a certificate of
 title that does not show that the goods are subject to the security interest or
 contain a statement that they may be subject to security interests not shown on
 the certificate:
 . . .
 (2) the security interest is subordinate to a conflicting security
 interest in the goods that attaches, and is perfected under [s]ection 36-9-311(b), after issuance of the certificate and without the
 conflicting secured party's knowledge of the security interest.

Here, Union presented
 evidence it acquired and perfected its security interest in the car without
 knowledge of Bank's claimed security interest in the car in its verified
 pleadings and at the motion hearing.  While Bank argues Union had knowledge of
 Bank's security interest, Bank presented no evidence in its pleadings,
 affidavits, or exhibits nor made any arguments at the motion hearing to support
 such contention.  Accordingly, the trial court properly granted Union's motion
 for summary judgment because there was no genuine issue of material fact
 whether Union knew or had reason to know about Bank's security interest.  
AFFIRMED.
WILLIAMS, THOMAS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.